**FILED**
**JUL 06 2011**
**JUDGE MATTHEW F. KENNELLY**
**UNITED STATES DISTRICT COURT**

08cr669

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Criminal No. 08-669 (9)** |
| | ) | **Judge Matthew F. Kennelly** |
| v. | ) | |
| | ) | Count One: 18 U.S.C. § 201(c)(1)(A) |
| AZ CORPORATION, | ) | (Paying a Gratuity to a Public Official) |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The Criminal Division, Fraud Section of the Department of Justice (the "Government" or the "United States") and counsel for defendant AZ CORPORATION (hereinafter "AZ" or "defendant"), a corporation organized and existing under the laws of Afghanistan, hereby enter into the following Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B).

## RIGHTS OF DEFENDANT

1.  The defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to plead not guilty to any criminal charge brought against it;

    (c) to have a trial by jury, at which it would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offenses beyond a reasonable doubt for it to be found guilty;

    (d) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    (e) not to be compelled to incriminate itself;

(f)     to appeal its conviction if it is found guilty; and

                (g)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above, and all statute of limitations as well as jurisdictional and venue defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Northern District of Illinois. Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. §§ 2241 or 2255, that challenges the sentence imposed by the Court, unless the sentence imposed constitutes an upward departure from the Guideline range stipulated by the parties in this agreement, in which case defendant's appeal will be expressly limited to contesting any upward departure from the stipulated Guideline range. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Defendant will plead guilty to a one count Information (the "Information") filed in the United States District Court for the Northern District of Illinois, charging defendant with paying a gratuity to a public official, in violation of 18 U.S.C. § 201(c)(1)(A). Defendant admits that, as charged in the Information, it knowingly and unlawfully gave money to a public official, who accepted it for his assistance in awarding a government contract to the defendant. Defendant is pleading guilty because it is guilty and understands that it will be adjudicated guilty of this offense. At sentencing, the United States will move to dismiss the June 18, 2009 Superseding Indictment (Cr.No.-08-669(3)) as it relates to the defendant (the "Chicago

2

Indictment"). In addition, at sentencing, the United States will move to dismiss the Indictment (Cr. No.-10–000333), transferred from the United States District Court for the District of Hawaii, as it relates to the defendant (the "Hawaii Indictment").

3.   Pursuant to the terms of this Plea Agreement, defendant will plead guilty to the criminal charge described in Paragraph 2 above, and at the change of plea hearing, it will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below and in the Information. Defendant agrees that this facutal admission will establish its guilt beyond a reasonable doubt.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.   Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)   For the purposes of this Plea Agreement, the "relevant period" is that period from in or about September 2004 until at least in or about April 2005. During the relevant period, the United States Department of Defense ("DOD") operated a military base at Bagram Airfield ("BAF"), Afghanistan. During the relevant period, defendant AZ contracted with the DOD to supply BAF with, among other things, trucking and transportation, or "line haul," services. During the relevant time period, defendant Assad John Ramin was an owner and operator of AZ, and Tahir Ramin assisted in the operation of AZ.

(b)   During the relevant period, Charles O. Finch ("Finch") was a Sergeant with the United States Army's 725th Logistical Task Force ("LTF"), and was deployed to BAF from in or about January 2004 until on or about January 21, 2005. Finch served at BAF as the Noncommissioned Officer In Charge ("NCOIC") of Operations Support, a

3

position he held until in or about January 2005.

(c) As a member of the United States Army, Finch was a public official within the meaning of 18 U.S.C. § 201(a)(1).

(d) On or about June 12, 2003, before Finch was deployed to Afghanistan, the Army awarded AZ a line haul contract.

(e) On or before September 24, 2004, the defendant authorized payment of a $50,000 gratuity to Finch.

(f) On or about September 27, 2004, a $50,000 gratuity was paid to Finch.

(g) Finch accepted this $50,000 payment in exchange for the assistance that Finch provided in the awarding BPA W913TY-05-A-0005 to the defendant. BPA W913TY-05-A-0005 was a line haul blanket purchase agreement entered into between the DOD and AZ.

## POSSIBLE MAXIMUM SENTENCE

5. Defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of 18 U.S.C. § 201(c)(1)(A) is a fine in an amount equal to the greatest of (1) $250,000; or (2) twice the gross pecuniary gain derived from the crime; or (3) twice the gross pecuniary loss caused to the victims of the crime.

6. In addition, defendant understands that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to §5E1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") and 18 U.S.C. § 3663A, the Court shall order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court shall order the defendant to pay a $400 special assessment of upon conviction.

## SENTENCING GUIDELINES

7. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, and that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant agrees that this Plea Agreement, along with the record, including any testimony, that will be created by the United States and defendant at the plea and sentencing hearings as well as any sentencing memorandum, will provide sufficient information concerning defendant, the crime charged, and defendant's role in the crime to enable the meaningful exercise of the Court's sentencing authority as required by 18 U.S.C. § 3553.

## SENTENCING AGREEMENT

8. For purposes of calculating the sentence directed by the Sentencing Guidelines, the United States and defendant agree to recommend the following calculation, which the parties agree provides a fair, just, and reasonable resolution of this matter:

(a) The November 1, 2010, edition of the Guidelines applies;

(b) Pursuant to U.S.S.G. §2X1.1(a), the controlling Guideline is §2C1.1, and pursuant to §2C1.1(a)(2), the base offense level is 9;

(c) The value of the payment, the benefit received or to be received in return

5

for the payment, or the loss to the government from the offense was more than $30,000 but not more than $70,000, and thus a six-level increase is appropriate pursuant to U.S.S.G. §§2C1.1(b)(2) and 2B1.1(b)(1)(D);

    (d)    The parties agree that each party may tender evidence and arguments as to whether the offense involved a public official in a high-level decision-making or sensitive position, and thus, whether a four-level increase is appropriate pursuant to U.S.S.G. §2C1.2(b)(3).

    (e)    The parties agree that defendant's culpability score is 6 points, calculated as a baseline of 5 points plus 2 points (more than 50 employees and an individual within substantial authority personnel participated in the offense) and minus 1 point (acceptance of responsibility) pursuant to U.S.S.G. §8C2.5(a), (b)(4), (g)(3);

    (f)    Defendant's criminal fine will be calculated pursuant to U.S.S.G. §8C2.4(a)(1), (d), and U.S.S.G. §8C2.6(b)(3), following the Court's determination of the appropriate Guidelines calculation, as set forth above.

9.    The United States and defendant agree that with respect to the calculation of the advisory Guidelines range, no other offense characteristics, Sentencing Guidelines factors, potential departures or adjustments will be raised, argued, or are in dispute.

10.    Defendant, its attorney, and the United States acknowledge and agree that the above calculations are preliminary in nature and based on facts known to the United States as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guidelines calculation. The validity of this Plea Agreement is not contingent upon the probation officer's or the Court's

concurrence with the above calculations and defendant has no right to withdraw its Plea Agreement if the probation officer or the Court do not agree or concur with the calculations, stipulations, or recommendations of the parties. Defendant further understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the calculations, stipulations, or recommendations contained in this Plea Agreement, it nevertheless has no right to withdraw its plea of guilty.

## **RESTITUTION**

11.     Defendant agrees to the entry of a restitution order for the full amount of the victim's losses pursuant to 18 U.S.C. §§ 3556, 3663A(c)(1)(A)(ii), and 3664(f)(1)(A), as determined by the Court at the sentencing hearing The United States and defendant agree that they are aware of restitution owed in total by John Ramin, Tahir Ramin, and AZ Corporation for the following actual losses:

       (a)     $50,000 to the United States Department of Defense.

## **GOVERNMENT'S AGREEMENT**

12.     Upon the Court's acceptance of the pleas of guilty called for by this Plea Agreement, the imposition of the sentence, and the full payment of restitution, the United States agrees not bring further criminal charges against defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the crimes arising from the facts set forth in the Information, the Chicago Indictment or the Hawaii Indictment. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence. The defendant also agrees that with respect to any and all charges referred to in the Information, the Chicago Indictment and the Hawaii Indictment he is not a "prevailing party" within the meaning of the "Hyde Amendment,"

18 U.S.C. § 3006A note, and will not file any claim under that law.

## REPRESENTATION BY COUNSEL

13. The defendant has been represented by counsel and is fully satisfied that its attorney has provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

## VOLUNTARY PLEA

14. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

15. The defendant agrees that, should the United States determine in good faith, that the defendant violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant may seek Court review of any determination made by the United States under this paragraph to void any of its obligations under the Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the

date the United States gave notice of its intent to void its obligations under this Plea Agreement.

16. Defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement based on defendant's violation of the Plea Agreement any documents, statements, information, testimony, or evidence provided by defendant to the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, defendant unconditionally waives its right to challenge the use of such evidence, including any admissions made within or pursuant to this Plea Agreement, in any such further prosecution, notwithstanding the protections of Federal Rule of Evidence 410.

## ENTIRETY OF AGREEMENT

17. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

18. The undersigned is authorized to enter this Plea Agreement on behalf of the defendant.

19. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

20. A photocopy, facsimile or other electronically transmitted signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Dated: 7/6/11

Respectfully submitted,

_____
GLENN S. LEON
Assistant Chief (NY Bar Reg. No.: 2621589)
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, 4th Floor
Washington, DC 20530

In my capacity as Chief Executive Officer and corporate representative and on behalf of the corporate entity, AZ, I have read this agreement and carefully reviewed every part of it with AZ's attorney. I understand it, voluntarily agree to it, and I do not wish to change any part of it. I am, moreover, completely satisfied with the representation of NRO's attorney.

7/6/11
Date

_____
Keith Seiwell, Chief Executive Officer
Corporate Representative, AZ

I am AZ's attorney. I have carefully reviewed every part of this agreement with it and its corporate representative, Keith Seiwell. To my knowledge, its decision to enter into this agreement is informed and voluntary.

7/6/11
Date

_____
Kirby Behre, Esq.
Counsel for AZ

_____
Date

_____
Michael Purpura, Esq.
Counsel for AZ

10